**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL SIMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS CORBETT, et al. | : | NO. 10-5526 |

**MEMORANDUM AND ORDER RE: PETITIONER'S
MOTION FOR VACATUR UNDER RULE 60(b)**

**Baylson, J.**                                                        **March 29, 2012**

On January 23, 2012, Petitioner, proceeding pro se, filed a Motion under Fed. R. Civ. P.

60(b) requesting vacatur of the December 15, 2011 judgment denying his Petition for Writ of

Habeas Corpus (ECF No. 15).  Most of the relevant facts and procedural background of the matter

were described in detail in the Court's Order of February 28, 2012 (ECF No. 18) and need not be

repeated again here.  Accordingly, the Court will summarize only the events that have taken place

since the entry of the February 28, 2012 Order.

**I.      Recent Background and Procedural History**

On March 7, 2012, Petitioner submitted a response reiterating and elaborating upon his

assertions that (1) his attorney did not send him any information regarding his habeas case

(including a copy of the Report and Recommendation or information about how to object), (2)

because his relationship with counsel had broken down, he was not aware of the Court's

December 15, 2011 denial of his Petition until his family provided him with a docket sheet in

January 2012, (3) he did, in fact, attempt to file a request to amend his Petition in August 2011,

with copies to the District Attorney's Office, which copy the District Attorney may have retained,

and (4) he still wishes to have his original Petition withdrawn so that he can file an amended

petition, even if the amended petition will also be time-barred.  (ECF No. 20)

-1-

On March 12, 2012, pursuant to the Court's Order of February 28, 2012, Simpson's counsel submitted a Petition for Leave to Withdraw as counsel.  (ECF No. 22)  As the Court noted in its February 28, 2012 Order, Simpson's counsel had failed to comply with Local Rule 5.1(c) before ceasing his representation of the Petitioner; accordingly, the Court ordered him to follow proper procedures to move to withdraw.

Finally, on March 13, 2012, the District Attorney's Office submitted a letter responding to Petitioner's claims, also as directed by the Order of February 28, 2012. (ECF No. 23)  Notably, the letter stated that the District Attorney's Office had communicated with Simpson's counsel in April 2011 regarding a request for an extension of time, to inquire whether the motion would be opposed; Simpson's counsel responded that it would not be opposed and the District Attorney's Office "therefore had no reason whatsoever to doubt that Mr. Abdul-Rahman was properly acting as Mr. Simpson's counsel in this case" (at least as of April 2011).  The letter further represented that, until Simpson's pro se filing of December 21, 2011, the District Attorney's Office had no knowledge or records of any written or other communications from Simpson or anyone else on his behalf—not in August 2011 or at any other time—suggesting that Simpson's counsel had been acting without authorization.

On March 23, 2012, Petitioner submitted a Response to the District Attorney's Office Letter dated March 13, 2012 (ECF No. 24).  In this document, Petitioner attaches receipts showing that he mailed several documents to the Philadelphia District Attorney's Office and asserts that they have been lost within that office and urges that office to gather them together.  However, the Court does not find that any significance to this submission.

**II.     Discussion**

Rule 60(b) sets forth enumerated circumstances in which, "[o]n motion and upon such

terms as are just," a court may relieve a party from a final judgment.  The first five provisions of the Rule are inapplicable to this case, but the sixth provision constitutes a "catch all" that authorizes that relief may be granted for "any other reason justifying relief from the operation of the judgment."  The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances."  Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002)

The Court is faced with a most unusual situation in this case.  On the one hand, in light of the restrictions of AEDPA and in the circumstances presented here, the Court cannot ignore the fact that a Petition was, in fact, filed on Simpson's behalf on October 19, 2010.

Even assuming Simpson lacked knowledge of the existence of the Petition until August 2011, he simply has not demonstrated that he exercised due diligence in notifying the Court of his attorney's alleged lack of authorization.[1]

Petitioner is charged with knowledge that he had one (1) year following the finality of any state court appeal and/or post-conviction petition to file a habeas petition under 28 U.S.C. § 2254. There is no reason to believe that the filing of his § 2254 Petition was unauthorized.  Even if it were unauthorized, then Petitioner had the obligation to file his own petition pro se within the statutory one-year period, but did not do so.

---

[1] As the Court observed in its previous Order, a hallmark of "exceptional circumstances" is a petitioner's diligence in pursuing his claims.  See, e.g., Gonzalez v. Crosby, 545 U.S. 524, 537 (2005) ("lack of diligence" by the petitioner in pursuing review of the district court's denial of his habeas petition contributed to a finding that a later change in the relevant law did not create "exceptional circumstances"); Turner v. Dragovich, 163 Fed. App'x 97, 100 (3d Cir. 2006) ("lack of diligence" in pursuing his innocence argument contributed to a finding that the habeas petitioner had not demonstrated "exceptional circumstances"); Burkett v. Cunningham, 826 F.2d 1208, 1217 (3d Cir. 1987) (affirming the district court's grant of relief under Rule 60(b) where the pro se incarcerated petitioner was "exceptionally diligent" in his conduct before the court).

An unsubstantiated assertion that he attempted to file a letter with the Court in August 2011 is not enough under circumstances in which (1) Simpson has offered no evidence regarding his efforts to mail or file it, (2) neither the Court nor the District Attorney's Office has any record or receipt of such an attempt, and (3) Simpson had approximately four more months before the issuance of the December 15, 2011 judgment (entered upon the approval of the Report and Recommendation) to confirm whether the alleged August filing was received by the Court, and to resubmit it if not.  See, e.g., Anjulo-Lopez v. United States, 541 F.3d 814, 818-19 (8th Cir. 2008) (holding that an incarcerated petitioner had not shown the "reasonable diligence" required to equitably toll the AEDPA deadline where "[the fact] [t]hat an appeal had not been filed was a matter of public record" and the petitioner did not take action within approximately 3 months of learning of his counsel's failure to notice the appeal).  Simpson bears the burden—a "heavy burden," Bohus v. Beloff, 950 F.2d 919 (3d Cir. 1991)—of demonstrating that, pursuant to Rule 60(b), "exceptional circumstances" entitle him to vacatur of the judgment for purposes of amending or withdrawing his habeas petition.  He has not met that burden here.[2]

On the other hand, although Simpson has not explicitly crafted his argument in this way,[3]

_____

[2] The Court observes once again that this case does not involve such extraordinary facts as, for example, the recent U.S. Supreme Court case Maples v. Thomas, 132 S. Ct. 912 (2012). On March 26, 2012, Petitioner filed a Supplemental Response to this Court's February 28, 2012 Order and included an attached Affidavit from Sharmaine Grant (ECF No. 25), in which Ms. Grant asserts that she had paid a retainer to Petitioner's counsel of record, but never received any information from him and that he refused to speak with her.  The Court has allowed counsel to withdraw and any complaints about his conduct should be referred to the applicable Bar Association or the Disciplinary Board of the Supreme Court of Pennsylvania.  The Court also notes that under § 2254, Petitioner may only file one (1) federal post-conviction petition without getting leave for a second petition from the United States Court of Appeals for the Third Circuit. Therefore, this Court is unable to give Petitioner a chance to file a new petition under any circumstances.

[3] Nevertheless, "[a] document filed pro se is to be liberally construed[.]"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Simpson's claim has more force if narrowed to the question of whether the judgment should be vacated for the limited purpose of permitting him to file Objections to the Report and Recommendation issued on November 18, 2011.  Unlike Simpson's concession that he received notice of the Petition in August 2011, Simpson has refuted the suggestion by his attorney that he ever received a copy of the Report and Recommendation, and there is no evidence to suggest that he did.  Even Simpson's counsel, who contends that he mailed a copy of the Petition to Simpson, has never stated that he mailed Simpson a copy of the Report and Recommendation.  Furthermore, Simpson's letter to the Court of December 21, 2011 reflects no apparent knowledge of the Report and Recommendation—the letter suggests an awareness only of the Petition, the District Attorney's answer, and the fact that the case had been referred to a Magistrate Judge.  Because Simpson typically recites in detail his understanding of the procedural history in his <u>pro se</u> filings, the absence of any reference to the Report and Recommendation is out of character and therefore noteworthy.

   The Court also remains mindful of the concept of due diligence.  Whereas Simpson waited approximately four months from the time he admits he learned of the existence of the Petition to notify the Court about the breakdown in his attorney-client relationship, the delay was only about one month or less measured from the time of the issuance of the Report and Recommendation. That one-month delay is made the more reasonable by the fact that there has been no representation by Simpson or his counsel that Simpson was specifically informed of the 14-day deadline for filing objections.  See <u>Ryan v. United States</u>, 657 F.3d 604, 607 (7th Cir. 2011) (stating that "a reasonable prisoner may take at least two months . . . to suspect that counsel has dropped the ball [regarding the filing of a notice of appeal]" and to "contact counsel or the court," especially if "no one told him of the 10-day deadline for appeals in criminal cases"); <u>cf. Nara v.</u>

Frank, 488 F.3d 187, 196-97 (3d Cir. 2007) ("[F]ailure to timely object to a Report and Recommendation is not a jurisdictional defect.  District courts may therefore consider requests by parties for extra time or requests to excuse late filings on adequate justification.") (internal citation omitted).

The Court is unwilling to conclude that an incarcerated petitioner, acting pro se, unaware of a 14-day deadline for objections, who notified the Court of a breakdown in the attorney-client relationship approximately one month after the issuance of the Report and Recommendation, has not shown due diligence in pursuing his claims insofar as he seeks relief based on his counsel's failure to file objections.  This, of course, assumes arguendo that Simpson's counsel ever informed him (orally) of the Report and Recommendation in the first place; if, as Simpson claims, he received notice of the Report and Recommendation and the Court's judgment only upon receipt of a copy of the docket in January 2012, his subsequent submissions to the Court were prompt indeed.

In sum, the Court holds that Simpson has demonstrated "exceptional circumstances" meriting vacatur of the judgment insofar as he seeks the opportunity to file objections to the Report and Recommendation, but he has not demonstrated "exceptional circumstances" insofar as he seeks the opportunity to amend and/or file a new habeas petition.  In so holding, the Court is careful to note that it does not consider itself required to vacate the judgment—Rule 60(b) "authorizes discretionary judicial review of judgments" in the situations enumerated under the Rule.  Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 233 (1995) (emphasis added); see also Pridgen v. Shannon, 380 F.3d 721, 725 (3d Cir. 2004) (stating that a district court's ruling on a Rule 60(b) motion is reviewed for abuse of discretion).  Nevertheless, in light of the unique proceedings and contentions in this case, and to absolutely ensure that Simpson is provided all the

appropriate process due, the Court will vacate the judgment for the limited purpose described above.[4]

## III.   Conclusion

 After careful consideration of Simpson's Motion for Vacatur (ECF No. 15), all of the related submissions, and for the reasons explained above, it is hereby ORDERED:

1.     The judgment of the Court entered on December 15, 2011 is VACATED for the limited purpose of permitting Simpson to file objections to the Report and Recommendation issued on November 18, 2011, and for any further proceedings permitted by law and as may be required in the discretion of the Court.

2.     Simpson shall file his objections within twenty-one (21) days from the date of entry of this Order.

3.     Counsel Qawi Abdul-Rahman's Petition for Leave to Withdraw as Counsel (ECF No. 22), which Simpson has not opposed, is GRANTED.

4.     The Clerk of Court is directed to send copies of this Order directly to Simpson, as well as to Qawi Abdul-Rahman, Esq.

BY THE COURT:

s/Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

cc: Michael Simpson (mail)
    Qawi Abdul-Rahman

O:\CIVIL 09-10\10-5526 Simpson v. Corbett\Simpson Memo Order Mot Vacatur.wpd

---

[4]Although there is no reason for this Court to appoint counsel for Petitioner in this case, he is free to retain his own counsel to represent him in the preparation of the objections to the Report and Recommendation by the Magistrate Judge.