IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SIMPSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THOMAS CORBETT, et al. | : | NO. 10-5526 |

### FINAL ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS

On January 23, 2012, Petitioner, proceeding <u>pro se</u>, filed a Motion under Fed. R. Civ. P. 60(b) requesting vacatur of a December 15, 2011 judgment denying his Petition for Writ of Habeas Corpus. (ECF No. 15) On March 29, 2012, the Court granted the Motion and vacated the judgment for the limited purpose of permitting Petitioner to file Objections to Magistrate Judge Perkin's Report and Recommendation (R&R), which was issued on November 18, 2011. (ECF No. 26) On April 19, 2012, Petitioner filed his Objections. (ECF No. 27) The remaining facts and procedural history of this matter have been described in detail in the Court's prior Orders and need not be repeated here.

In reviewing Petitioner's submission, which he filed <u>pro se</u>, the Court liberally construes it in his favor. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the submission as raising the following objections to the R&R: (1) Petitioner claims that Magistrate Judge Perkin erred insofar as he failed to issue <u>Miller</u> warnings, and (2) Petitioner claims that Magistrate Judge Perkin erred in determining that the Petition was time-barred, because the state court's sentencing of Petitioner <u>in absentia</u> unconstitutionally impeded Petitioner's ability to comply with the one-year AEDPA deadline by prematurely triggering the limitations periods for his appellate and collateral rights. See 28 U.S.C. § 2244(d)(1)(B)

(providing that the one-year AEDPA limitations period shall not run until "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action").

Both arguments are without merit. Petitioner did not receive Miller warnings from Magistrate Judge Perkin nor from this Court because he is not entitled to them. Miller warnings are required only "when a court recharacterizes a pro se litigant's motion as a first § 2255 [or § 2254] motion." Castro v. United States, 540 U.S. 375, 383 (2003); accord Hatches v. Schultz, 381 Fed. App'x 134, 136 (3d Cir. 2010). This Petition was filed by counsel when Petitioner was still represented. Moreover, a district court need not issue Miller warnings where, as here, a habeas petition is time-barred. United States v. Chew, 284 F.3d 468, 471 (3d Cir. 2002).

Regarding Petitioner's second argument, the irony is not lost on this Court that Petitioner claims it was the Commonwealth's in absentia proceedings that impeded his ability to comply with AEDPA's deadline, when those proceedings took place only because Petitioner willfully absconded on the day the verdict was announced in his criminal trial and remained a fugitive of justice for over two years.[1] In any event, Petitioner cites no authority, nor has the Court located any on its own accord, to support the idea that the Commonwealth's actions in this case were of the nature contemplated by Congress to toll the limitations period under 28 U.S.C. § 2244(d)(1)(B). Even assuming arguendo that the state courts' in absentia proceedings were constitutionally infirm—which the Court has no reason to believe—the Commonwealth in no way

---

[1] In this sense this case is unlike, for example, Cristin v. Brennan, 281 F.3d 404 (3d Cir. 2002), in which the Third Circuit noted its "skeptical view" about a situation in which a defendant's entire trial, conviction, and sentencing occurred in absentia. Id. at 423. Here, among other differences, the state court record reflects that Petitioner was present throughout his trial but absconded after the jury retired for deliberations. See Commonwealth v. Simpson, Crim. Docket No. CP-51-CR-1106411-2005 (Crt. of Common Pleas), at 14 (docket entries for 7/23/07-7/27/07).

impeded Petitioner from accessing the docket in his case during his time as a fugitive. Petitioner could have learned from the docket that a conviction, sentencing, and appellate review process had continued in his absence, and he could have timely filed for appropriate state and/or federal collateral relief.[2] See Cedeno v. Conway, 724 F. Supp. 2d 373, 380 (W.D.N.Y. 2010) (holding that a petitioner who absconded prior to trial and was tried and sentenced in absentia did not qualify for statutory or equitable tolling under AEDPA because he could not demonstrate that the state's actions "affected his actual ability to timely file his habeas petition" and because the only "impediment to his discovering that he had been convicted [was] the fact that he intentionally absented himself from the jurisdiction and did not appear at his scheduled trial date—something which certainly was in his control"). In sum, the Court finds Petitioner ineligible for statutory tolling under § 2244(d)(1)(B), which applies only where a state's actions were unlawful and where "the applicant was prevented from filing by such State action."

Accordingly, it is hereby ORDERED:

(1) The Report and Recommendation (ECF No. 10) is APPROVED and ADOPTED.

(2) Petitioner's Objections to the Report and Recommendation (ECF No. 27) are OVERRULED.

(3) The Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED with prejudice.

(4) There is no basis for the issuance of a certificate of appealability.

(5) The Clerk of Court is directed to mark this matter as CLOSED for statistical purposes.

---

[2] The Court also notes that Petitioner was returned to custody in early September 2009—before the September 28, 2009 deadline to file his habeas petition—yet the record contains no indication that he made any attempt to file for relief prior to the deadline.

BY THE COURT:

Date:   5/14/12                                                       s/Michael M. Baylson

                                                                     Michael M. Baylson, U.S.D.J.

Cc: Michael Simpson (by mail)

O:\CIVIL 09-10\10-5526 Simpson v. Corbett\Simpson Final Order 5-1-12.wpd